FILED
U.S. DISTRICT COURT
2008 AUG 29 PM 2:50
[signature]
CLERK
S.D. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTONIO RUFF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 107-044 |
| | ) | (Former CR 104-062) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Antonio Ruff, an inmate currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the United States of America ("the Government").

### I. BACKGROUND

Petitioner was named in an indictment in the Southern District of Georgia on June 23, 2004. United States v. Ruff, CR 104-062, doc. no. 1, (S.D. Ga. July 23, 2004) (hereinafter "CR 104-062"). Petitioner was charged under Counts One, Two and Three of the indictment. Count One charged Petitioner with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Id. Count Two

charged Petitioner with the use of a firearm during the commission of drug trafficking, in violation of 18 U.S.C. § 924(c). Id. Count Three charged Petitioner with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Id. Petitioner plead guilty to Counts One and Three.[1] Id. at doc. nos. 25-27. On February 4, 2005, the Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to 188 months of imprisonment on Count One and 88 months of imprisonment on Count Three, to run concurrently.[2] Id. at doc. no. 35.

Petitioner then filed an appeal to the Eleventh Circuit Court of Appeals. On appeal, Petitioner challenged the constitutionality of the federal statute that prohibits possession of a firearm by a convicted felon. Id. at doc. no. 47. He also challenged Judge Bowen's consideration of his two previous aggravated assault convictions in sentencing Petitioner as a career offender; Petitioner claimed that because the nature of the two convictions was not alleged in the indictment, proved to a jury beyond a reasonable doubt, or admitted to by himself, the two convictions should not have been considered. Id. The Eleventh Circuit affirmed his judgment in an unpublished, *per curiam* opinion. United States v. Ruff, 154 Fed. Appx. 807 (11th Cir. Nov. 16, 2005) *cert. denied*, 547 U.S. 1028 (Mar. 20, 2006). Thereafter, Petitioner filed the present motion to vacate his sentence pursuant to 28 U.S.C.

---

[1]Count Two was dismissed on the motion of the government. See CR 104-062 at doc. no. 35, p. 1.

[2]Because Petitioner had two previous convictions for aggravated assault, he qualified as a career offender under the Untied States Sentencing Guidelines, U.S.S.G. § 4B1.1(b)(B). CR 104-062 at doc. no. 42, p. 2. This enhancement resulted in a total offense level of 31 after a downward departure for acceptance of responsibility and a sentencing range of 188-253 months. Id.

2

§ 2255. Petitioner's claims can be categorized as follows:

> 1) Petitioner's trial counsel was ineffective because he failed to investigate the validity of Petitioner's prior convictions, he failed to object to the pre-sentence report facts, and he failed to object to the "improper determination of the foreseeable amount of cocaine base." (Doc. no. 1, p. 4).
>
> 2) Petitioner's sentence should be corrected according to his post-sentencing rehabilitation. (Id. at 8).

The Government argues that all of Petitioner's claims should be denied, and that the case should be resolved without a hearing. For the following reasons, the Court agrees with the Government.[3]

## II. DISCUSSION

### A. No Need for Evidentiary Hearing

The Court recognizes that in the Eleventh Circuit, the general rule is "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way:

---

[3]Additionally, after filing the instant § 2255 motion, Petitioner also filed a "Motion to Reduce Sentence" claiming he was entitled to have Sentencing Guidelines Amendment 711, which became effective on November 1, 2007, retroactively applied to his case. CR 104-062 at doc. no. 52. On December 11, 2007, the United States Sentencing Commission voted to apply retroactively, the November 1, 2007 amendment to the crack cocaine Sentencing Guidelines, to previously sentenced defendants. Petitioner's Motion to Reduce Sentence was denied on June 4, 2008. Id. at doc. no. 56 (noting the amendment to the crack cocaine guideline did not result in a change to Petitioner's advisory guideline range as Petitioner is a career offender pursuant to U.S.S.G. § 4B1.1).

3

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998) (citation omitted); see also Powell v. United States, 88 Fed. Appx. 390 (11th Cir. Dec. 2, 2003) (requiring evidentiary hearing on § 2255 motion unless record "conclusively" shows that petitioner is entitled to no relief).

As described in detail below, the Court finds that because Petitioner's claims are affirmatively contradicted by the record, procedurally barred, or otherwise fail as a matter of law, no evidentiary hearing is necessary in this case.

**B. Claims Not Properly Before the Court**

**1. Available Claims Must Be Raised on Direct Appeal.**

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge."[4] United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (*per curiam*) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. Furthermore, alleged errors concerning the Sentencing Guidelines are not generally cognizable on collateral attack. Montemoino v. United States, 68 F.3d 416, 417 (11th Cir.

---

[4] As discussed *infra* at Part C, ineffective assistance of counsel claims are excepted from the procedural default rule. See Massaro v. United States, 538 U.S. 500, 509 (2003).

4

1995) (*per curiam*). "Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255." Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996).

In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted). A procedural bar or default cannot be overcome unless the § 2255 movant "can demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280. "In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

### 2. Grounds Rejected on Direct Appeal May Not be Reconsidered.

In addition, claims that are raised and rejected on direct appeal are generally precluded from reconsideration in a § 2255 motion. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills, 36 F.3d at 1056; Edwards v. United States, 795 F.2d 958, 961 (11th Cir. 1986); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981) (*per curiam*). As the Seventh Circuit noted, "[W]e do not see how a federal prisoner--who must file his motion for relief under 2255 in the very court that convicted him--can be allowed to

do so if all he is doing is rehashing a claim that had been rejected on the direct appeal." White v. United States, 371 F.3d 900, 902 (7th Cir. 2004). Nor will the Court reconsider a previously raised claim where it is merely a re-characterization of an issue raised on direct appeal.[5] Nyhuis, 211 F.3d at 1343. Thus, to obtain review in this § 2255 proceeding of a previously raised claim, Petitioner must show an intervening change in law since his appeal was decided and that a "complete miscarriage of justice" would occur if the claim is not considered in these proceedings. Davis v. United States, 417 U.S. 333, 346-47 (1974).

3. **Petitioner Brings Claims He Failed to Assert on Direct Appeal and/or Attempts to Recast Arguments Rejected by the Eleventh Circuit on Direct Appeal.**

Here, Petitioner argues that in calculating his sentence, Judge Bowen erroneously considered his two previous convictions for aggravated assault because the previous convictions were not established as to each element in violation of Shepard v. United States, 544 U.S. 13 (2005). (Doc. no. 1, pp. 4-5). Petitioner also challenges the drug type and quantity for which he was held accountable at sentencing. Although Petitioner couches these arguments as ineffective assistance of counsel claims that the Court will address *infra*, it is clear that these arguments are respectively, an attempt to relitigate his career offender claim that was rejected by the Eleventh Circuit and an attempt to raise a claim for the first time, that was available to be raised previously on his direct appeal.

To begin, concerning Petitioner's challenge to his career offender enhancement, it should be noted that the Eleventh Circuit concluded that:

---

[5]Stated another way, simply putting a new name on an old issue will not suffice.

> First, [Petitioner's] contention that he never admitted the fact of his conviction is false. At the Rule 11 hearing, the prosecution presented testimony that [Petitioner] had twice been convicted of aggravated assault, and [Petitioner] admitted that the testimony was accurate. [Petitioner] also did not object to the listing and description of those convictions in the pre-sentencing investigation report. No inquiry into the details of those convictions was necessary to determine that they qualified as crimes of violence. U.S.S.G. § 4B1.2, cmt. n.1. Second, even if the district court had relied on the rule of Almedarez-Toreres[, 523 U.S. 224 (1998)], to consider the convictions, this Court has already rejected the argument that more recent decisions have undermined its validity. (citation omitted).

CR 104-062 at doc. no. 47, p. 2. In addition, because Petitioner did not bring his drug type and quantity claim on his direct appeal, he cannot now bring this claim in this collateral proceeding. "A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish cause and prejudice for his failure to assert his claims on direct appeal." McCoy, 266 F.3d at 1258 (citation omitted). By failing to raise his drug type and quantity argument in his appellate brief, Petitioner, procedurally defaulted on this claim.

Having established that these claims have been defaulted, the Court notes that Petitioner has not shown cause to excuse his default. The Court is aware that Petitioner attempts to show cause by asserting that he failed to raise these issues because of his ineffective assistance of counsel; however, for the reasons addressed below, Petitioner's contentions are unavailing. In sum, Petitioner's claims regarding his career offender enhancement and drug type and quantity are barred in this proceeding because they have either been rejected or were not raised on direct appeal.

C. **Ineffective Assistance of Counsel Claims**

First, it should be noted that ineffective assistance of counsel claims are excepted from the general procedural default rules explained above. Lynn, 365 F.3d at 1234 n.17

(citing Massaro v. United States, 530 U.S. 500 (2003)). However, ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1994), which is not a favorable standard. Massaro, 538 U.S. at 505. First, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In applying this test, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance[.]" Id. at 689; see also Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing "that petitioner was not entitled to error-free representation"). Second, Petitioner must establish prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

In applying the Strickland components outlined above, "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95). For as the Eleventh Circuit has ruled, an affirmative showing of prejudice that would

undermine the results of the proceedings is necessary because "'attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004). In the context of a guilty plea, the Court must inquire as to whether counsel's performance affected the outcome of the plea process. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). That is, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

In addition, the Court is guided by the principle that "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Indeed, strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion--though the presumption is not insurmountable--is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). As the Eleventh Circuit has succinctly stated, "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted...." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*). "[C]ases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Id. at 1511.

9

Because determining whether Petitioner suffered prejudice hinges upon the validity of the underlying claims, Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990) and Miller v. Dugger, 858 F.2d 1536, 1538 (11th Cir. 1988), the Court will review the merits of the claims which form the basis of Petitioner's ineffective assistance allegations.

### 1. Alleged Failure to Investigate the Validity of Prior Convictions and Failure to Object to Pre-Sentence Report

Petitioner alleges that his counsel was ineffective for failing to investigate the validity of his prior aggravated assault convictions supporting the application of the Sentencing Guidelines' career offender enhancement, as well as for failing to object to the pre-sentence report facts concerning Petitioner's prior convictions. (Doc. no. 1, pp. 4-6). In response, the Government contends that Petitioner has not shown prejudice under Strickland.[6] (Doc. no. 3, pp. 10-11). The Court agrees.

First and foremost, as noted by the Eleventh Circuit, Petitioner admitted to his two prior aggravated assault convictions.

> [Petitioner's] contention that he never admitted the fact of his conviction is false. At the Rule 11 hearing, the prosecution presented testimony that [Petitioner] had twice been convicted of aggravated assault, and [Petitioner] admitted that the testimony was accurate. [Petitioner] also did not object to the listing and description of those convictions in the pre-sentencing investigation report.

---

[6]The government stated that a certified copy of Petitioner's Wilkes County, Georgia, aggravated assault conviction document was provided to Petitioner's counsel in discovery, at bates stamped pages 66-77. (Doc. no. 3, pp. 11-12). The government also provided copies of Petitioner's rap sheet, NCIC criminal history, GCIC criminal history, and his FVI identification record, which included a recitation of his prior criminal history, at bates stamped pages 8-17, 41-43, and 89-93. (Id. at 12).

10

CR 104-062 at doc. no. 47, p. 2. Secondly, the Eleventh Circuit also noted that an inquiry into the details of those convictions was not necessary to determine that they qualified as crimes of violence, as the Sentencing Guidelines specifically identify aggravated assault as a crime of violence. Id. The Eleventh Circuit found that Petitioner had admitted his prior convictions and found that further inquiry into the nature of the convictions was not necessary. Thus there is no merit to Petitioner's current claim that his counsel was ineffective in failing to investigate the validity of Petitioner's prior aggravated assault convictions and/or failing to object to the pre-sentence report facts concerning Petitioner's prior convictions. As such, Petitioner has failed to show any prejudice.

### 2. Alleged Failure to Object to the Type and Quantity of Drugs

Petitioner alleges that his counsel was ineffective for failing to object to the "foreseeable amount of cocaine base." (Doc. no. 1, pp. 4-6). Petitioner asserts that there was no chemical analysis of the substance offered into evidence. (Id. at 6). Petitioner maintains that "Counsel for [] Petitioner did not object [to] the characterization of the charge, and was constitutionally ineffective when he failed to require that the United States uphold its burden of proof during sentencing to prove the nature of the controlled substance." (Id.).

However, contrary to Petitioner's assertion, the record reflects that Petitioner, at the Rule 11 proceeding, agreed with the testimony of ATF Agent Ronald Rhodes, that Petitioner had seven grams of crack cocaine on his person on the night he was arrested and that another three grams of crack cocaine was seized from his residence. See Rule 11 Tr., pp. 15, 17-18. Additionally, Agent Rhodes testified that the seven grams of crack cocaine seized from

Petitioner were sent to the GBI Crime Lab for analysis and the resulting GBI Lab Report confirmed that the seven grams were cocaine base. CR 104-062 at doc. no. 38, Rule 11 Tr., p. 15. The GBI lab report as to the seven grams of crack cocaine seized from Petitioner was provided to his counsel in discovery at bates stamped page 101. (Doc. no. 3, p. 13). Finally, the government notes that Petitioner himself did not object at his sentencing to the drug quantity stated in the pre-sentence report.[7] (Id.).

Because Petitioner failed to object to his PSI's factual statements as to drug quantity and type at his sentencing, Judge Bowen properly deemed them admitted by Petitioner. The Eleventh Circuit has held that when a petitioner fails object to the facts of prior convictions as contained in the pre-sentencing report, despite the opportunity to do so, he is deemed to have admitted those facts. United States v. Bennet, 472 F.3d 825, 833-34 (11th Cir. 2006) (citing United States v. Wade, 458 F.3d 1273, 1277 (11th Cir.2006) (stating "[i]t is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes"); United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006) (stating that the defendant's "failure to contest the 37 grams imputed in the PSI constituted an admission of that quantity"); United States v. Burge, 407 F.3d 1183, 1191 (11th Cir. 2005) (stating that the defendant "waived his objections to the factual statements about his relevant conduct in the presentence report and, therefore, admitted the facts in that report")). Thus, based on Petitioner's admission of the type and quantity of the drug involved, he has not shown prejudice.

---

[7] The pre-sentence report at paragraphs 4-7, and 13, noted that Petitioner had 10.6 grams of crack cocaine. (Doc. no. 3, p. 13).

In sum, Petitioner has not shown prejudice form any ineffective assistance of counsel claims, and thus, he is not entitled to the relief he seeks.

## D.   Post-Sentencing Rehabilitation

Petitioner also argues that now that the Sentencing Guidelines have been rendered advisory, his sentence should be reconsidered pursuant to his post-conviction rehabilitation. (Doc. no. 1, p. 11). Petitioner provides that he has "completed Culinary Arts Exploratory Courses and has received a ServeSafe Certification." (Id.). He further provides that he is currently enrolled in an apprenticeship agreement with the United States Department of Labor and he prepares meals for prison staff. (Id.). Additionally, Petitioner alleges that he intends to "work toward a Bachelor of Divinity degree while pursui[ing] the challenge of keeping God at the center of his life." (Id. at 13).

As the government correctly notes, the Eleventh Circuit has stated that when resentencing a defendant, downward departures for post-conviction rehabilitation must occur along the horizontal offender based axis of the Sentencing Guidelines as a departure from criminal history category. United States v. Smith, 289 F.3d 696, 711 n.18 (11th Cir. 2002). Additionally, the Sentencing Guidelines state that post-sentencing rehabilitative efforts, even if exceptional, that are undertaken by a defendant following imposition of a sentence of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for an offense. U.S.S.G. § 5K2.19.

Here, it is important to note that Petitioner is not before the Court for resentencing following a reversal of his conviction and remand from the court of appeals. Nor has he

13

prevailed on a successful § 2255 motion vacating his sentence. Neither has the government filed a departure motion that properly places Petitioner's case before the Court for resentencing consideration. Thus, the relief Petitioner seeks in a downward departure is simply not available to him. See, e.g., Moultrie v. United States, 147 F.Supp.2d 405, 411 (D.S.C. 2001) (finding post-conviction rehabilitation claim not cognizable in § 2255 motion because defendant was not going to be resentenced pursuant to § 2255 motion).

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the United States of America.

SO REPORTED AND RECOMMENDED this 29th day of August, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE